IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
|           Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 92–CR–30004–MJR |
| | ) |
| HORATIO SUMRALL, | ) |
| | ) |
|           Defendant. | ) |

## ORDER DENYING MOTION TO RECONSIDER

**REAGAN, District Judge:**

In 1992, now-retired Judge William D. Stiehl sentenced Defendant Sumrall to 420 months imprisonment plus 10 years supervised release. Judge Stiehl granted a Rule 35 motion in 1995, reducing Defendant's sentence from 420 months to 180 months. The Government moved to revoke Defendant's supervised release, and (after a hearing) the undersigned sentenced Defendant to 36 months for violating the terms of his supervised release.

At the hearing, the Court denied Defendant's motion to "reduce sentence," in which he had asked the Court to retroactively shorten his supervised release term (in proportion to his Rule 35 reduction) such that some of the violations that sparked the recent 36-month sentence would fall outside the temporal scope of his supervised release. The motion was denied. Now Defendant (acting *pro se*) has filed a motion "to reconsider revocation ruling," in which he advances yet another reason his recent behavior does not warrant revoking his supervised release. The Court **DENIES (Doc. 381)** for three reasons.

First, Defendants' argument is unsupported by any legal precedent. Defendant appears to argue that the adoption of new sentencing guidelines after he had served his sentence should

1

somehow entitle him to recalculation of his supervised release start date.  No sentencing change of which this Court is aware has such a sweeping effect.

Secondly, Defendant is still represented by retained counsel.  When a party is represented by counsel, motions by those parties a**re not well-taken:** See U.S. v. Kosmel**, 272 F.3d 501, 506 (7th Cir. 2001) ("[T]his Circuit clearly disfavors any form of hybrid representation.").** See also id. **("There are … problems with hybrid representation, including prolongation of the trial and allowing defendants 'two bites at the apple.'").**  Any future motions should be made via counsel, or not at all.

Finally, the undersigned notes Defendant has filed an appeal in this case.  In *U.S. v. Brown*, the Seventh Circuit held that a district judge was powerless to amend a defendant's sentence once the case progressed to the Court of Appeals: "The filing of an appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *U.S. v. Brown***, 732 F.3d 781, 787 (7th Cir. 2013).**  In the end, what Defendant challenges here is the sentence stemming from his supervised release revocation, and "the district court is without authority to make any substantive change in the sentence after the appeal is lodged in [the Seventh Circuit]." *Id.*

Defendant's motion (**Doc. 381**) is **DENIED**.

**IT IS SO ORDERED.**

**DATE: <u>August 7, 2014</u>**          s/ *Michael J. Reagan*
                                        MICHAEL J. REAGAN
                                        United States District Judge